```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF MONTANA

                         BUTTE DIVISION
                  _____
JILL PRUITT,                       )
                                   )
         Plaintiff,                )
                                   )      CV 04-90-BU-RWA
     v.                            )
                                   )
ST. PAUL FIRE AND MARINE           )      FINDINGS AND RECOMMENDATION
INSURANCE COMPANY and CONTINENTAL  )      OF U.S. MAGISTRATE JUDGE
CASUALTY COMPANY,                  )      AND ORDER
                                   )
         Defendants.               )
                  _____
```

Pending before the Court are motions for summary judgment filed by Defendants Continental Casualty Company ("Continental") and St. Paul Fire and Marine Insurance Company ("St. Paul"), and a cross-motion for summary judgment filed by Plaintiff against St. Paul. The United States Magistrate Judge has considered the briefs and supporting materials submitted by the parties and, pursuant to 28 U.S.C. § 636 (b)(1)(B), recommends that the Court grant Defendants' motions and deny Plaintiff's motion.

## I.  BACKGROUND

Plaintiff, an electrician, was injured when she fell while carrying some conduit across a ramp during construction of the St. James Hospital in Butte, Montana. The ramp was used to access a door at an entry to the construction site. Bouten Construction was the general contractor on the project, and Performance Contracting, Inc., ("PCI") was the subcontractor. Bouten is insured by St. Paul, and PCI is insured by Continental.

1

Plaintiff filed the present action seeking a declaratory ruling as to Continental's and St. Paul's respective obligations to advance pay her lost wages, under the authority of <u>Dubray v. Farmers Ins. Exchange</u>, 36 P.3d 897, 900 (Mont. 2001)[1]. Plaintiff contends that Continental is liable for advance payment because an employee of PCI built the unsafe ramp, and that St. Paul is liable because Bouten had a nondelegable duty to provide a safe workplace.

Defendants moved for summary judgment on the claim, contending that liability for the accident and for the lost wages claimed is not reasonably clear, and that they therefore have no obligation to make advance payments to Plaintiff. Specifically, Continental and St. Paul each deny that their insured constructed the ramp Plaintiff fell on. Both Defendants also argue that Plaintiff was negligent in her own use of the ramp, and that the extent of her lost wages caused by the accident, if any, is disputed. Plaintiff opposes the Defendants' motions, and has filed her own motion for summary judgment against St. Paul, Bouten's insurer. All three motions have been fully briefed and are now ready for decision by the Court.

## II.  DISCUSSION

The parties do not dispute the applicable law in this case; that is, "where liability is reasonably clear, injured victims are

---

[1] A tort action against Bouten and PCI is presently pending in the Montana Second Judicial District Court, Silver Bow County. Defendants are contesting their liability for Plaintiff's damages in that case.

entitled to payment of those damages which are not reasonably in dispute." <u>Dubray v. Farmers Ins. Exchange</u>, 36 P.3d 897, 900 (Mont. 2001) (citing <u>Ridley v. Guaranty Nat. Ins. Co.</u>, 951 P.2d 987, 992 (Mont. 1997)). The issues are: (1) whether liability for the accident was reasonably clear; and (2) whether it was reasonably clear that the damages claimed (i.e. lost wages) were "causally related to the accident in question." <u>Ridley</u>, 951 P.2d at 992.

Ordinarily, summary judgment is properly granted under Rule 56(c) if "the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>California Architectural Building Prod., Inc. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1468 (9th Cir. 1987). This standard applies to Plaintiff's motion. To prevail, Plaintiff must show that there are no disputed facts, and that a Defendant's liability for advance payment of lost wages is clear as a matter of law. However, as St. Paul notes, this case presents a unique situation with respect to the Defendants' motions. To demonstrate their entitlement to summary judgment, the Defendants do not need to establish the absence of disputed facts; they need to demonstrate that the facts are sufficiently disputed to preclude a finding, as a matter of law, that liability was reasonably clear.

The usual requirement, that the Court must view the evidence and draw all inferences in a light most favorable to the nonmoving party, applies to all parties' motions. <u>T.W. Electrical Services, Inc. v. Pacific Electrical Contractors</u>, 809 F.2d 626, 630-31 (9th

Cir. 1987). With those standards in mind, the Court turns to the merits of the pending motions.

   A. Continental's motion

At the outset, the Court notes that Continental did not comply with the Local Rules applicable to motions for summary judgment in this Court. Specifically, Continental did not file a separate Statement of Uncontroverted Facts, as required by Local Rule 56.1(a). Responding to the motion, Plaintiff likewise did not file a Statement of Genuine Issues, as required by Local Rule 56.1(b). Both parties have ignored the rules, but since neither has objected, the Court will proceed to consider the merits of the motion, with the caution that compliance with these Local Rules is expected in the future.

Continental, PCI's insurer, contends that it is entitled to summary judgment because there is a factual dispute as to who actually constructed the ramp in question. In answers to the Complaint and in discovery, both PCI and Bouten have denied constructing it, and each point a finger at the other. As late as June 15, 2005, when Continental filed the present motion, liability for construction of the ramp was contested. However, during the course of a deposition on June 24, 2005, PCI employee Mark Greco testified that on a work day prior to Plaintiff's accident, he had arrived at work to find that the ramp they usually used, which had been solidly mounted to the doorway, had been removed. Depo. of Mark Greco, pg. 22:2-12. He testified that:

> [M]e and my hand went over to the scrap wood
> pile where the ramp, which was still totally
> intact, was laying; and, we picked it up and
> we brang [sic] it back over and we blocked it
> up again.

Greco depo, pg. 22:16-19.  Mr. Greco further testified that,

> [M]e and JT, my partner, had taken some
> probably six-foot long two-by-fours and laid
> them on their side underneath [the ramp] to
> bring it up level.
>
> ***
>
> They were just laid loosely under there
> because we presumed the ramp was going to be
> temporary.

Greco depo., pgs. 24:12-15; pg. 25: 8-10.  Mr. Greco further testified that this general configuration is how the ramp was set up on the July 30, 2002, the date of Plaintiff's accident.  Greco depo., pg. 25:13-16.

Plaintiff contends that Mr. Greco's testimony is conclusive on the issue of PCI's negligence in the construction of the ramp. However, evidence of record also shows that the ramp, as reconstructed by Mr. Greco and his partner, was in use by employees of all trades (including electricians) for a period of time during which "[the ramp] was constantly being knocked loose...[and] somebody from each trade probably stopped and tightened it up at least once a day.  If you were using it, you would make sure it was sturdy."  Greco depo., pg. 26:5-17; <u>see also</u> Deposition of Leo Charles Hendrickson, pgs. 11:22-12:14; 14:12-15:9.  Mr. Greco could not say whether he or someone else tightened the ramp on the day of Plaintiff's accident.  Greco depo., pgs. 26:24-27:16.  Thus, the evidence is not clear and undisputed as to who actually  configured

5

and constructed the ramp as it was on the day in question. A genuine issue of material fact precludes a finding on summary judgment that PCI, and therefore Continental, are liable for prepayment of any lost wages caused by the accident.

The same evidence, of regular use and repair of the ramp by employees of all trades, is also sufficient to create a genuine issue of material fact regarding whether Plaintiff, by continuing to use the assertedly wobbly ramp, failed to exercise due care for her own safety. Plaintiff argues that she did not construct the ramp and had no choice but to use it or risk being terminated, and that she therefore cannot be found contributorily negligent, as a matter of law. See <u>Stepanek v. Kober Const.</u>, 625 P.2d 51, 56 (Mont. 1981). However, there is no evidence from which the Court can determine that Plaintiff, had she refused to use the ramp, would have risked termination. Defendants could have responded to such a refusal in a number of ways, including by making the ramp safer. There is also evidence sufficient to create a jury issue on whether Plaintiff's fall was due to an unsafe condition in the ramp, or whether she simply slipped or otherwise caused or contributed to her own injuries. Factual issues surrounding Plaintiff's own negligence compel a finding that PCI's liability was not reasonably clear, and that Continental has no obligation under <u>DuBray</u> to advance pay Plaintiff's lost wages. See <u>Giambra v. Travelers Indemnity Co.</u>, 78 P.3d 880, 882 (Mont. 2003).

For these reasons, the undersigned recommends that Continental's motion for summary judgment be granted due to

disputed issues of material fact on the issues of negligence and liability.

    B.   <u>St. Paul's Motion for Summary Judgment and Plaintiff's Cross-Motion</u>

St. Paul, Bouten's insurer, seeks summary judgment on the same general grounds as those asserted by Continental, namely, that liability for Plaintiff's accident is properly contested and therefore, by definition, is not reasonably clear. The situation is complicated in the case of St. Paul because of the asserted existence of a nondelegable safety duty upon Bouten, established by contract and by statute. <u>See</u>, M.C.A. § 50-71-201; <u>Stepanek</u>, 625 P.2d at 53.

Section 50-71-201, MCA, states:

> Each employer shall:
>
> (1) furnish a place of employment that is safe for each of his employees;
>
>        \*\*\*
>
> (3) adopt and use practices, means, methods, operations, and processes that are reasonably adequate to render the place of employment safe; and
>
> (4) do any other thing reasonably necessary to protect the life, health, and safety of his employees.

Assuming the existence of nondelegable statutory and contractual duties to maintain a safe work place, Bouten argues that it fulfilled those duties by holding meetings, performing walk-throughs, and the like. While these actions are perhaps

7

sufficient to create a genuine issue of material fact as to Bouten's negligence under subsection (3) or (4), they are not sufficient to do so for purposes of subsection (1).

As to subsection (1), the evidence is sufficient to create a genuine issue of material fact on the issues of the configuration and stability of the ramp. If an unsafe and unstable ramp was in use at the workplace on the day in question, then this arguably constitutes negligence per se on the part of Bouten. See Trankel v. State, Dept. of Military Affairs, 938 P.2d 614, 625 (Mont. 1997). However, even assuming that this is the case, the issue of Plaintiff's own negligence (as discussed above in connection with Continental's motion) in continuing to use or misuse the asserted faulty ramp precludes a finding that Bouten's liability for Plaintiff's lost wages was reasonably clear. For those reasons, the undersigned recommends that St. Paul's motion for summary judgment be granted, and Plaintiff's motion be denied.

### III.

### RECOMMENDATION

For the foregoing reasons, and pursuant to 28 U.S.C. § 636 (b)(1)(B), the undersigned recommends that the District Court GRANT Defendant Continental Casualty Company's Motion for Summary Judgment (Doc. # 33); GRANT Defendant St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (Doc. # 46) and DENY Plaintiff's Cross-Motion for Summary Judgment (Doc. # 51).

The parties shall have ten days from the date of service of

these Findings and Recommendation in which to file objections pursuant to 28 U.S.C. § 636 (b) (1) and Rule 72(b), Fed. R. Civ. P..

The Clerk is directed to forthwith notify counsel of record of the making of this Order.

Done and dated this 10th day of January, 2006.

<u>/s/ Richard W. Anderson</u>
Richard W. Anderson
United States Magistrate Judge